UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| VICTOR GOLDBERG,<br><br>                          Appellant,<br><br>                          v.<br><br>IOANA NEDELCU,<br><br>                          Appellee. | Civil Action No. 24-10000 (MAS)<br><br>**MEMORANDUM ORDER** |

This matter comes before the Court upon Appellant Victor Goldberg's ("Appellant") Application for Waiver of the Appellate Filing Fee ("IFP Application"), pursuant to 28 U.S.C. § 1930(f). (ECF No. 1-2.) Appellee, the debtor, Ioana Nedelcu ("Appellee") objected to the IFP Application (ECF No. 1-3). The Chapter 7 Trustee, Karen E. Bezner ("Trustee"), also filed an objection (ECF No. 3) and an amended objection to Plaintiff's IFP Application (ECF No. 5).

In support of his IFP Application, Appellant reports that he: (1) has no income; (2) receives Medicaid; (3) has average monthly expenses of $800; and (4) receives $200 in contributions from other people for his expenses per month. (ECF No. 1-2.) Generally, this information would give the Court discretion to waive the filing fee. *See* 28 U.S.C. § 1930 ("[T]he district court . . . may waive the filing fee . . . if the court determines that such individual has income less than 150 percent of the income official poverty line.") The Trustee, however, has objected to Appellant's IFP Application because she issued a check for $20,000.00 to Appellant,[1] which Appellant cashed on December 20, 2024. (Trustee's Am. Obj. 1, ECF No. 5.) As such, the Court finds that Appellant

---

[1] The check represented the refund directed by the Bankruptcy Court's Order Vacating Order Approving Settlement. (Trustee's Am. Obj. 1); *see also In re Ioana Nedelcu*, No. 23-12065, ECF No. 90 (Bankr. D.N.J. 2024).

had sufficient funds to set aside to pay the filing fee in this case and therefore denies Appellant's IFP Application. The Appellant shall have until April 14, 2025, to pay the $298 filing fee to the Bankruptcy Court. *See* 28 U.S.C. § 1930(a)(1)(A).

The Court also notes that Appellant has failed to file a Designation of Record on Appeal pursuant to Federal Rule of Bankruptcy Procedure 8009. The Bankrutpcy Court filed a Certification of Failure to File Designation of Record (ECF No. 4), but Appellant still has failed to file the Designation of Record on Appeal. After paying the filing fee, Appellant shall have until April 21, 2025 to file the Designation of Record on Appeal, and April 28, 2025 to file a moving brief, or this matter will be subject to dismissal for failure to timely prosecute the appeal. Accordingly,

**IT IS**, on this 7th day of April 2025, **ORDERED** as follows:

1. Appellant's IFP Application (ECF No. 1-2) is **DENIED**.

2. Appellant shall pay the $298 filing fee no later than **April 14, 2025** to the Bankruptcy Court.

3. Appellant shall file the Designation of Record on Appeal no later than **April 21, 2025**.

4. Appellant shall file a moving brief no later than **April 28, 2025**.

5. If Appellant does not abide by the deadlines set forth in this Order, Appellant is hereby on notice that this matter will be subject to dismissal for failure to timely prosecute the appeal.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE