UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| VICTOR GOLDBERG,<br><br>                  Appellant,<br><br>          v.<br><br>IOANA NEDELCU,<br><br>                  Appellee. | Civil Action No. 24-10000 (MAS)<br><br>**MEMORANDUM ORDER** |

This matter comes before the Court upon Appellant Victor Goldberg's ("Appellant") appeal of an order from the United States Bankruptcy Court for the District of New Jersey ("Bankruptcy Court"). (ECF No. 1.) On May 6, 2025, this Court issued a Text Order ("Text Order"): (1) notifying Appellant that he failed to file a Designation of Record pursuant to Federal Rule of Bankruptcy Procedure[1] 8009;[2] and (2) ordering Appellant to submit the Designation of Record no later than May 13, 2025 and a moving brief no later than May 20, 2025. (ECF No. 14.) The Court had previously warned Appelannt that if he failed to do so, this matter would be dismissed for failure to timely prosecute his appeal. (ECF No. 13.) As of the date of this Memorandum Order, Appellant has not provided a Designation of Record, a moving brief, or otherwise responded to the Court's Text Order. Accordingly, for the reasons briefly outlined below, Appellant's appeal is dismissed for failure to prosecute.

---

[1] All references to "Rule" or "Rules" in this Memorandum Order refer to the Federal Rules of Bankruptcy Procedure.

[2] On November 15, 2024 and April 22, 2025, the Bankruptcy Court filed a Certification of Failure to File Designation of Record. (ECF Nos. 4, 11.) The Court's Text Order merely reiterated what the Bankruptcy Court already put Appellant on notice of.

Under Rule 8001(a), a district court "is empowered to dismiss an appeal for failure to prosecute or otherwise follow the procedures set out in the" Rules. *In re Richardson Indus. Contractors, Inc.*, 189 F. App'x 93, 96 (3d Cir. 2006). Before doing so, however, a district court must: (1) notify the appellant that his appeal may be dismissed for failure to prosecute, *In re Farzan*, Nos. 21-2445, 21-2446, 2022 WL 1238354, at *2 (3d Cir. Apr. 27, 2022) (collecting cases); and (2) consider the propriety of dismissal under the *Poulis* factors. *In re Richardson*, 189 F. App'x at 96-97 (citing *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984)).

As to the first step, Appellant was on notice that his appeal may be dismissed. On November 15, 2024, the Bankruptcy Court first put Appellant on notice that he had failed to file a Designation of Record. (ECF No. 4.) The Bankruptcy Court again notified Appellant of this failure on April 22, 2025. (ECF No. 11.) On April 30, 2025, this Court notified Appellant that his appeal would be dismissed for failure to prosecute unless he provided a Designation of Record by May 6, 2025, and a moving brief by May 13, 2025. (ECF No. 13.) When the docket did not clearly reflect that this order had been mailed to Appellant, the Court extended these deadlines, giving Appellant until May 13, 2025 to file a Designation of Record and until May 20, 2025 to file a moving brief. (ECF No. 14.) Accordingly, Appellant was put on notice of his failure to file a Designation of Record and that his appeal may be dismissed.

At the second step, in light of the Court's first-step analysis, the application of the *Poulis* factors is straightforward. Under *Poulis*, an appellant's appeal may be dismissed if the balance of the following factors supports such a finding:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails

>an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*In re Richardson*, 189 F. App'x at 96 (quoting *Poulis*, 747 F.2d at 868) (emphasis omitted).

First, Appellant is not represented by an attorney who may shoulder some blame. Instead, Appellant is pro se, and as such, the failure to prosecute his appeal is solely his own. *See Briscoe v. Klaus*, 538 F.3d 252, 258-59 (3d Cir. 2008) ("[I]t is logical to hold a pro se plaintiff personally responsible for delays in his case because a pro se plaintiff is solely responsible for the progress of his case."). The first factor, therefore, favors dismissal.

Second, the prejudice to Appellant's adversary from Appellant's failure to respond to the Court's order is self-explanatory: this case cannot proceed if Appellant is absent. As such, the second factor weighs in favor of dismissal.

Third, the Court does not have a Designation of Record to assess Appellant's dilatory conduct in the Bankruptcy Court. This is because Appellant has yet to file a Designation of Record. In this Court, Appellant's conduct has been dilatory. As such, the third factor weighs in favor of dismissal.

Fourth, it is unclear whether Appellant's conduct is willful or otherwise taken in bad faith, because again, the Court has no record of Appellant's conduct and has not heard from Appellant in over a month in this matter. The fourth factor is, therefore, neutral.

Fifth, the Court can ascertain no other sanction that may be appropriate but dismissal. This is because Appellant is pro se, and his absence therefore prohibits this appeal from moving forward. *Briscoe*, 538 F.3d at 263 (upholding a district court's dismissal of a plaintiff's claims where it found that "no alternative sanctions existed" when the plaintiff was proceeding pro se, which rendered "monetary sanctions" untenable and necessitated dismissal (citation omitted)). As such, the fifth factor weighs in favor of dismissal.

Sixth, and finally, considering that the Court does not have a record in this case, it is impossible for this Court to assess the merits of Appellant's appeal. As such, the sixth factor favors dismissal.

Balancing the *Poulis* factors above, Appellants' failure to engage in this action[3] and to provide the necessary documents for this Court to evaluate his appeal leads this Court to conclude that dismissal is necessary. Accordingly,

**IT IS,** on this 23rd day of May 2025, **ORDERED** as follows:

1. Appellant's appeal of the Bankruptcy Court's order (ECF No. 1) is **DISMISSED**.
2. The Clerk's Office shall close this case.

                                                 */s/ Michael A. Shipp*
                                           **MICHAEL A. SHIPP**
                                           **UNITED STATES DISTRICT JUDGE**

---

[3] Appellant' sole engagement in this action related to his IFP Application. (ECF No. 7.) Although Appellant took steps that demonstrated his intent to prosecute his appeal of a different bankruptcy court order (*see Goldberg v. Bezner*, no. 24-10001 (D.N.J.)), Appellant has failed to prosecute the within appeal.