UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| VICTOR GOLDBEG,<br><br>   Appellant,<br><br>  v.<br><br>IOANA NEDELCU,<br><br>   Appellee. | Civil Action No. 24-10000 (MAS)<br><br>**MEMORANDUM ORDER** |
| VICTOR GOLDBEG,<br><br>   Appellant,<br><br>  v.<br><br>KAREN E. BEZNER, ESQ.,<br><br>   Appellee. | Civil Action No. 24-10001 (MAS)<br><br>**MEMORANDUM ORDER** |

  This matter comes before the Court upon pro se Appellant Victor Goldberg's ("Appellant") Motion to Consolidate two appeals in civil action numbers 24-10000 ("First Bankruptcy Appeal") and 24-10001 ("Second Bankruptcy Appeal") from the United States Bankruptcy Court for the District of New Jersey. (First Bankr. Appeal, ECF No. 17; Second Bankr. Appeal, ECF No. 29.)

  Federal Rule of Civil Procedure[1] 42(a) provides that "[i]f actions *before the court* involve a common question of law or fact, the court may . . . consolidate the actions." Fed. R. Civ. P. 42 (emphasis added). "[T]he decision to consolidate rests in the sound discretion of the district court."

---

[1] All references to "Rule" or "Rules" hereafter refer to the Federal Rules of Civil Procedure.

*In re Consol. Parlodel Litig.*, 182 F.R.D. 441, 444 (D.N.J. 1998). "In exercising its discretion, a court should weigh the interests of judicial economy against the potential for new delays, expense, confusion, or prejudice." *Id.* (internal quotation marks omitted). The burden is on the moving party to show that consolidation is appropriate. *Id.*

      Here, the Court finds that consolidation is inappropriate. Rule 42(a) allows consolidation only of "actions *before* the court." Fed. R. Civ. P. 42(a) (emphasis added). Appellant's First Bankruptcy Appeal was dismissed on May 23, 2025 for want of prosecution. (First Bankr. Appeal, ECF No. 16.) Plaintiff did not file an appeal but instead opted to file a Motion to Vacate the Court's Order of Dismissal on June 16, 2025. (First Bankr. Appeal, ECF No. 18.) As Appellant's First Bankruptcy Appeal is no longer before the Court because it was dismissed, the Court declines to consolidate Appellant's two bankruptcy cases.[2] *See Downs v. Andrews*, No. 13-5788, 2014 WL 7235841, at *4 (E.D. Pa. Dec. 19, 2014), *aff'd*, 639 F. App'x 816 (3d Cir. 2016) (denying a plaintiff's motion to consolidate because plaintiff's case was dismissed and the time for appeal had run); *see also Tormasi v. Hayman*, No. 08-4950, 2009 WL 3335059, at *3 (D.N.J. Oct. 15, 2009) (denying plaintiff's motion to consolidate a case that was closed because it would not promote the administration of justice). Accordingly,

      **IT IS**, on this <u>3rd</u> day of September 2025, **ORDERED** as follows:

    1.    Appellant's Motion to Consolidate (First Bankr. Appeal, ECF No. 17; Second Bankr. Appeal, ECF No. 29) is **DENIED WITHOUT PREJUDICE**.

                                        /s/ Michael A. Shipp
                                        **MICHAEL A. SHIPP**
                                        **UNITED STATES DISTRICT JUDGE**

---

[2] If the Court grants Appellant's Motion to Vacate Order of Dismissal (First Bankr. Appeal, ECF No. 18), Appellant may renew his request to consolidate.