UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

VICTOR GOLDBERG,

          Appellant,

          v.

IOANA NEDELCU,

          Appellee.

Civil Action No. 24-10000 (MAS)

**MEMORANDUM ORDER**

    This matter comes before the Court upon pro se Appellant Victor Goldberg's ("Appellant") Motion to Vacate the Court's Order dismissing his appeal from an order entered by the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court"). (Mot. to Vacate, ECF No. 18.) For the reasons set forth below, Appellant's motion is denied.

    Throughout the pendency of this matter, Appellant has failed to satisfy the procedural requirements necessary to advance his appeal. On November 15, 2024, and again on April 22, 2025, the Bankruptcy Court notified Appellant that he was required to timely file a Designation of Record pursuant to Federal Rule of Bankruptcy Procedure 8009, and that he had failed to do so. (ECF Nos. 4, 11.) Notwithstanding Appellant's noncompliance, the Court granted him until May 13, 2025, to file the Designation of Record, and until May 20, 2025, to file his moving brief. The Court further cautioned Plaintiff that his failure to comply with these deadlines could result in the dismissal of his appeal. (ECF Nos. 13, 14.) Appellant nonetheless failed to file the Designation of Record or moving brief, and on May 23, 2025, the Court dismissed the appeal for failure to

prosecute. (ECF No. 16.) Rather than appeal that dismissal, Appellant filed the present motion to vacate the Court's judgment pursuant to Federal Rule of Civil Procedure 60(b).[1] (Mot. to Vacate.)

Appellant argues that his failure to comply with the Court's deadlines was not the result of willful disregard or intent to abandon his appeal, but rather stemmed from a "confluence of factors," including: (1) significant delays in receiving Court orders; (2) personal and medical hardships; and (3) the challenges of navigating multiple legal matters as a pro se litigant. (Mot. to Vacate *1, *3-*5.)[2] Appellant further contends that he is now prepared to comply with the Court's directives, and asserts that he has attached the Designation of Record and moving brief as exhibits to his motion. (Mot. to Vacate ¶ 6.)

Under Rule 60(b), a party may seek relief from final judgment, and request the reopening of his case, "under a limited set of circumstances." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Relief under Rule 60(b) is "extraordinary" and available only upon a showing of exceptional circumstances justifying relief from a final judgment. *Id.* at 535.

Here, Appellant contends that his noncompliance was the result of excusable neglect. (*See generally* Mot. to Vacate.) In evaluating whether neglect is "excusable," courts consider the factors identified in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380 (1993): (1) the danger of prejudice to the nonmovant; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *See Kohl's Dep't Stores, Inc. v. Levco-Route 46 Assocs., L.P.*, 121 F. App'x 971, 974-76 (3d Cir. 2005). Applying these factors, the Court finds that they weigh against granting the requested relief.

---

[1] All references to "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

[2] Page numbers preceded by an asterisk refer to the page numbers atop the ECF header.

2

First, the danger of prejudice to Appellee Ioana Nedelcu ("Appellee") and the length of the delay are significant. This matter has been pending for over a year, and Appellant has yet to file the Designation of Record or otherwise comply with the Court's orders. His repeated failures to meet procedural deadlines have substantially delayed resolution and prevented the Court from addressing the appeal on its merits. *See Murphy v. River Drive Serv. Ctr., Inc.*, No. 21-01237, 2024 WL 1621342, at *5 (M.D. Pa. Apr. 15, 2024) ("[D]anger of prejudice against the non-moving party is found when the movant was responsible for the ongoing delays of the lawsuit.")

Second, the reason for the delay appears largely within Appellant's control. The Court granted Appellant multiple extensions and afforded him ample opportunity to file the required documents. Despite those accommodations, he has failed to comply. Moreover, as a pro se litigant, Appellant bears personal responsibility for prosecuting his appeal and for ensuring compliance with the Court's orders. *See Briscoe v. Klaus*, 538 F.3d 252, 258-59 (3d Cir. 2008) ("It is logical to hold a pro se plaintiff personally responsible for delays in his case because a pro se plaintiff is solely responsible for the progress of his case.").

Third, the Court cannot conclude that Appellant has acted in good faith. Although Appellant represents that he attached the required Designation of Record and moving brief as "Exhibit 8" and "Exhibit 9," his motion includes only "Exhibit 1" and "Exhibit 2," neither of which constitutes the required filings. (Mot. to Vacate ¶ 6.) Appellant's omissions of these required filings, and contradictory representations in his brief, undermine his assertions of readiness and good faith compliance.

Taken together, the Court cannot conclude that Appellant's actions constitute "excusable neglect" within the purview of Rule 60(b)(2). Fed. R. Civ. P. 60(b). The standard for vacating a final judgment under Rule 60(b) is exacting, and Appellant has failed to meet that standard.

Accordingly,

**IT IS**, on this 17th day of November 2025, **ORDERED** as follows:

1. The Clerk of Court shall reopen this matter for the limited purpose of considering Appellant's Motion to Vacate.

2. Appellant's Motion to Vacate (ECF No. 18) is **DENIED**.

3. The Clerk of Court shall close this case.

                                                     */s/ Michael A. Shipp*
                                                     MICHAEL A. SHIPP
                                                     UNITED STATES DISTRICT JUDGE